STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1316

IN RE: INTERDICTION OF ROBERT E. COCKERTON

Judgment Rendered: **APR 0 8 2022**

* * * * *

Appealed from the
16th Judicial District Court
Parish of St. Mary, State of Louisiana
No. 135,323

The Honorable Roger P. Hamilton, Jr., Judge Presiding

* * * * *

C.E. Bourg, II
Morgan City, Louisiana

Attorney for Appellant,
Carl Schaefer


Lloyd T. Bourgeois, Jr.
Morgan City, Louisiana

Attorney for Appellee,
Larry E. Cockerton


Joseph A. Tabb
Franklin, Louisiana

Attorney for Appellee,
Robert E. Cockerton

* * * * *

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**WOLFE, J.**

In this interdiction proceeding, the intervenor appeals the trial court's judgment that sustained exceptions and dismissed his claims, denied his motion for new trial, and ordered him to pay costs and attorney's fees and the trial court's judgment that granted the limited interdiction of Robert E. Cockerton.[1] We affirm.

## FACTS

On November 24, 2020, Larry F. Cockerton filed a petition for interdiction of his 90-year-old father, Robert E. Cockerton. According to the petition, Robert lived in California for a number of years but had been living with Larry in Louisiana since August 2020. The petition alleged that Robert had been diagnosed with dementia and was unable to care for himself or his affairs. The petition further alleged that if Robert had any legal representative, it was Larry who held a power of attorney in the state of California. Considering the allegations of the petition, the trial court signed a temporary interdiction order, appointed Larry as curator, appointed an attorney to represent Robert, appointed a doctor to examine Robert, and set the matter for hearing.

Acting through his appointed attorney, Robert filed an answer generally denying the allegations of the petition. Robert then filed exceptions of lack of subject matter jurisdiction and lack of personal jurisdiction, contending that he was domiciled in California and that Larry brought him to Louisiana against his will. Larry opposed the exceptions, disputing the contention that his father was brought to Louisiana against his will. Rather, Larry argued that Robert had been living in

---

[1]   This appeal was taken from the judgment that denied the motion for new trial on the interdiction judgment, sustained the exceptions, and awarded sanctions. Generally, where it is clear from the appellant's brief that the appellant intended to appeal a judgment on the merits, along with a judgment denying a motion for new trial, an appellate court will consider the appeal to be an appeal of the judgment on the merits even though the notice of appeal only refers to the judgment denying the motion for new trial. **Reed v. Louisiana Horticulture Commission**, 2021-0657 (La. App. 1st Cir. 12/22/21), ___ So.3d ___, ___ n.2 (2021 WL 6066134, *1 n.2). Accordingly, we will consider this matter as though the appellant intended to appeal from both the judgment that denied the motion for new trial, sustained the exceptions, and awarded sanctions, as well as the judgment on the merits of the interdiction.

2

California in an assisted living apartment leased by "his common law wife," who went to live with her son after being diagnosed with Alzheimer's disease. Larry explained that Robert owned no immovable property in California and some of Robert's movable property had been transported to Reno, Nevada, where Robert owned industrial rental property and had a bank account, and other of Robert's movable property, including a car and money, was moved with him to Louisiana.

After a hearing, during which Robert testified, the trial court made a ruling in open court, sustaining the exceptions. The trial court allowed Larry ten days to amend his pleading, ordered that Robert undergo an evaluation by a medical expert, and continued the hearing with the temporary interdiction order extended until that time.[2] Larry then amended his petition to allege that Robert was domiciled in Louisiana and had significant connections to Louisiana such that jurisdiction over the subject matter and person was proper.

On the day before the continued hearing, Carl Schaefer, a California resident who claimed to be a long-time friend of Robert, filed a petition in intervention in this proceeding. Mr. Schaefer alleged that Larry forced Robert to travel to Louisiana then falsified documents in an attempt to establish Robert is a resident of Louisiana. He challenged the validity of Larry's power of attorney and contested the accuracy of the sworn detailed descriptive list of Robert's assets that Larry prepared. Mr. Schaefer re-asserted the exception to the court's jurisdiction and alternatively requested that he be named Robert's curator and that Larry be ordered to provide an accounting and produce the amount of the bond Larry was ordered to obtain as temporary curator.

In open court the next day, before beginning the continued hearing, the trial court ruled that Mr. Schaefer was allowed to intervene in the proceeding. On the

---

[2] The record does not contain a written judgment reflecting the trial court's oral ruling.

3

same day, Robert filed an answer to the petition for intervention, admitting to its allegations.

The hearing proceeded with the explanation that the medical exam ordered by the trial court had not taken place due to Robert's unavailability. The trial court admitted into evidence the medical records offered in support of the temporary interdiction. Pursuant to Mr. Schaefer's request, the trial court ordered the issuance of a subpoena for Robert's records from a geriatric and psychiatric hospital, to be filed under seal upon receipt and considered in determining whether this matter should be revisited. The trial court then heard testimony from Larry and stated it would consider Robert's testimony from the prior hearing date. The trial court then granted a limited interdiction of Robert, noting the medical records documented his dementia. On March 2, 2021, the trial court signed a written judgment of limited interdiction that appointed Larry curator and Larry's wife undercurator.

Following rendition of the judgment, Robert and Mr. Schaefer filed answers that denied the allegations of Larry's amended petition. Larry then filed an answer and objection to the petition for intervention that raised exceptions of no cause of action, no right of action, and res judicata. In his answer, Larry also requested that the trial court sanction Mr. Schaefer and his attorney under La. Code Civ. P. art. 863 with respect to Mr. Schaefer's answer to the amended petition. Mr. Schaefer then filed a motion for new trial, seeking to set aside the March 2, 2021 judgment. Larry opposed the motion for new trial and asked the court to impose sanctions against Mr. Schaefer and his attorney under Article 863 relative to the motion for new trial. Larry also filed a motion for imposition of sanctions against Mr. Schaefer and his attorney under Article 863, based on Mr. Schaefer's answer to the amending petition and motion for new trial.

The trial court held a hearing and, on May 10, 2021, signed a written judgment that denied Mr. Schaefer's motion for new trial. The trial court granted the

4

exceptions of res judicata, no cause of action, and no right of action urged by Larry and dismissed the claims asserted in Mr. Schaefer's answer.[3] The trial court further granted Larry's request for sanctions and ordered Mr. Schaefer and his attorney to pay all costs of the proceeding and Larry's attorney's fees in the amount of $1,000.00. Mr. Schaefer now appeals.

## DISCUSSION

Mr. Schaefer raises eight assignments of error generally challenging the trial court's jurisdiction over this proceeding, Robert's interdiction, the amount of the surety bond Larry was ordered to post, and the trial court's imposition of sanctions and costs against him.[4]

Although Mr. Schaefer sets forth an assignment of error challenging jurisdiction in this case, he has not briefed the issue beyond making unsupported conclusory statements. An assignment of error that is not briefed may be considered abandoned. Uniform Rules – Courts of Appeal, Rule 2-12.4B(4). Furthermore, it is well-settled that an intervenor must take the proceedings as he finds them. **Mount Zion Baptist Association v. Mount Zion Baptist Church #1 of Revilletown Park**, 2016-0150 (La. App. 1st Cir. 10/31/16), 2016 WL 6427683, *2 (unpublished), writ denied, 2016-2283 (La. 2/3/17), 215 So.3d 694. An intervenor cannot object to the form of the action, venue, or any defects or informalities personal to the original

---

[3]     The only answer contained in the record that was filed by Mr. Schaefer is his answer to Larry's amended petition for intervention. Mr. Schaefer asserted no claims in that pleading that could have been dismissed. Although we note this apparent error in the judgment, Larry has neither appealed nor answered this appeal, requesting modification of the judgment to correct the error. Similarly, we note that in response to the motion for appeal, Larry challenged Mr. Schaefer's standing to appeal in his own right, arguing Mr. Schaefer has no justiciable right and lacks the connexity to the rights of the parties and has no right of redress against either party. Although Larry alludes to these arguments in brief, he has not properly raised these issues before this court by filing an appeal or answer to this appeal. Furthermore, we find that since Mr. Schaefer was a party to this proceeding who was sanctioned by the trial court, he does have standing to appeal the trial court's judgments. See La. Code Civ. P. art. 2082.

[4]     Mr. Schaefer's attorney was also sanctioned and ordered with Mr. Schaefer to pay the costs and attorney's fees. Although the same attorney represents Mr. Schaefer in this appeal, the attorney has not appealed on his own behalf to challenge the judgment rendered against him.

5

parties. La. Code Civ. P. art. 1094. Considering this, Mr. Schaefer had no right to object to the court's exercise of personal jurisdiction over Robert in this proceeding and we will not address his assignment of error insofar as it challenges that issue. However, if the lower court lacked subject matter jurisdiction, then this court also lacks subject matter jurisdiction, and we are obligated to examine our subject matter jurisdiction in every case. See **Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board**, 2001-0185 (La. 10/16/01), 797 So.2d 656, 663; **Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). Thus, we have considered the issue and are satisfied that subject matter jurisdiction exists in this case. Mr. Schaefer's arguments to the contrary are without merit.

Likewise, although assigned as error, Mr. Schaefer has made only conclusory statements and has not briefed the issues of the amount of the surety bond or the sanctions and costs he was ordered to pay. Because these assignments of error were not briefed, we consider them abandoned and do not address them herein.[5] Uniform Rules – Courts of Appeal, Rule 2-12.4B(4).

As to the merits of the interdiction, Mr. Schaefer argues the medical evidence shows that Robert has no cognitive impairment. He further contends that the medical records submitted post-hearing under seal warrant should be considered to determine whether Robert's interdiction is warranted.

A court may order the limited interdiction of a natural person of the age of majority, or an emancipated minor, who due to an infirmity is unable consistently to

---

[5]    Although not specifically assigned as error, Mr. Schaefer's brief attempts to raise the issue of paternity. This issue is personal to the parties and is not properly asserted by an intervenor. See La. Code Civ. P. art. 1094. Furthermore, since the issue is not briefed beyond stating that Larry is not Robert's son and that a DNA test should have been ordered, it is considered abandoned. See Uniform Rules – Courts of Appeal, Rule 2-12.4B(4). Likewise, we do not consider the issues presented as unbriefed questions in Mr. Schaefer's brief, including whether a curator can refuse to allow an interdict use of a cell phone and whether a more detailed descriptive asset inventory should have been furnished.

make reasoned decisions regarding the care of his person or property, or any aspect of either, or to communicate those decisions, and whose interests cannot be protected by less restrictive means. La. Civ. Code art. 390.

The petitioner in an interdiction proceeding bears the burden of proof by clear and convincing evidence. La. Code Civ. P. art. 4548. To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. **In re Interdiction of DeMarco**, 2009-1791 (La. App. 1st Cir. 4/7/10), 38 So.3d 417, 424. Whether interdiction is warranted is a finding of fact. Thus, the trial court's judgment will not be set aside in the absence of manifest error or unless it is clearly wrong. **Matter of Interdiction of Keith**, 2017-1573 (La. App. 1st Cir. 6/22/18), 2018 WL 3080456, *2 (unpublished); see also **Stobart v. State, Through DOTD**, 617 So.2d 880, 882 (La. 1993). The manifest error standard demands great deference to a trial court's factual finding that is based on credibility determinations. **Rosell v. ESCO**, 549 So.2d 840, 844 (La. 1989).

After thorough review, we find no manifest error in the trial court's factual determination that Robert required the limited interdiction ordered by the trial court. The medical records support the trial court's finding, as does Larry's testimony, which the trial court specifically found to be credible. We find no merit to Mr. Schaefer's arguments to the contrary.

## CONCLUSION

The trial court's judgments of March 2, 2021 and May 10, 2021 are affirmed. Costs of this appeal are assessed to the appellant, Carl Schaefer.

**AFFIRMED.**

7